IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| LAST MINUTE CUTS, LLC ) | |
| and QUANNAH HARRIS, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 18-2631-MSN-tmp |
| v. ) | |
| ) | |
| JERRY BIDDLE; JOHN McCLAIN; ) | |
| and ROXANNA GUMUCIO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

REPORT AND RECOMMENDATION
_____

Before the court is defendants Jerry Biddle, John McClain, and Roxanna Gumucio's motion to dismiss.[1] (ECF Nos. 29, 30, 31.) For the following reasons, it is recommended that the motion to dismiss be granted in part and denied in part.

I.   PROPOSED FINDINGS OF FACT

Plaintiffs Last Minute Cuts, a limited liability company organized under Tennessee law, and Quannah Harris filed this lawsuit against Jerry Biddle, John McClain, and Roxanna Gumucio on September 14, 2018. (Complaint, ECF No. 1.)  Plaintiffs have amended their complaint twice. (First Am. Compl, ECF No. 10; Second Am. Compl., ECF No. 21.)  The following findings of fact are based

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

on the well-pleaded allegations in the second amended complaint and the exhibits attached to the complaint. (Second Am. Compl., ECF No. 21.)  Consistent with the *pro se* pleading standard and Federal Rule of Civil Procedure 12(b)(6), the court has construed the factual averments in the complaint liberally and accepts all well-pleaded allegations as true for purposes of the present motion. It is worth noting the defendants have denied the wrongdoing alleged in the complaint. (ECF No. 26.)

Quannah Harris is a barber in Memphis.  (Id. at 1.) Harris owns and operates a barbershop, Last Minute Cuts, LLC.  (Id. at 2.) Barbershops in Tennessee are regulated by the State Board of Cosmetology and Barber Examiners ("the Board"), a part of the Tennessee Department of Commerce and Insurance.  (Id. at 11.) Jerry Biddle and John McClain are investigators for the Board. (Id. at 2.)  Roxana Gumucio is the Executive Director of the Board. (Id.)

Plaintiffs allege that, for two decades, Biddle has demanded money and sexual favors from Harris and the owners of other businesses regulated by the Board in exchange for favorable inspection reports.  (Id. at 3.)  On July 30, 2014, Biddle and McClain wrote and submitted an unfavorable inspection report for Last Minute Cuts based largely on supposedly unsanitary conditions at the facility. (Id. at 11-13.)  Biddle and McClain did not provide this inspection report, or an associated notice of

-2-

violation, to Last Minute Cuts and forged the signature of an employee of the business on both documents. (Id. at 2-3.) Later, Biddle submitted a report that claimed Last Minute Cuts was not open for a follow-up inspection.² (Id. at 16.) However, Last Minute Cuts was open for inspection when Biddle claimed it was closed, and in fact was inspected by another investigator for the Board that day. (Id. at 3.) The plaintiffs claim that Biddle and McClain's falsified inspection reports were submitted "as a result of [Harris] not providing money or sexual favors" to Biddle. (Id. at 4.) The plaintiffs further allege that Biddle made sexual and offensive statements to Harris during a 2017 inspection. (Id. at 3.)

On September 17, 2017, a hearing regarding Last Minute Cuts's licensure was held before an administrative law judge ("ALJ") employed by the Board. (Id. at 2.) At the hearing, Gumucio submitted the falsified documents created by Biddle and McClain to the ALJ. (Id.) Gumucio knew that the documents were falsified when she submitted them to the ALJ. (Id.) As a result of the hearing, the Board took some form of disciplinary action against

---

²There is considerable discrepancy in the complaint and attached exhibits about when this follow-up inspection (or lack thereof) took place. It is not necessary for purposes of the present motion to resolve this discrepancy because, liberally construed, the complaint and attached exhibits allege that Biddle submitted a false inspection report claiming the shop was closed on the date of Last Minute Cuts's follow-up inspection, whenever that may have been.

-3-

Last Minute Cuts, though it is unclear from the complaint exactly what action was taken. (Id. at 4.)

Plaintiffs allege that the defendants have violated their constitutional rights to procedural and substantive due process. As such, plaintiffs bring suit against each of the defendants in their individual capacities for money damages under 42 U.S.C. § 1983 and seek attorney's fees under 42 U.S.C. § 1988. Although there is a passing reference to state law claims in the jurisdiction section of the complaint, it does not appear that plaintiffs have brought any claims other than ones under § 1983. Defendants have moved to dismiss under Rule 12(b)(6)[3] for failure to state a claim upon which relief can be granted. (ECF No. 30.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Claims Brought by Harris on Behalf of Last Minute Cuts

Before the court can address the defendants' motion to dismiss, there is a threshold issue. Harris purports to assert

---

[3] A minor procedural point: Defendants filed this motion after filing an answer. (ECF Nos. 26 & 30.) Strictly speaking, the Federal Rules require that a party's motion to dismiss be filed before that party files an answer. Fed. R. Civ. P. 12(b) ("A motion asserting any of [the 12(b) defenses must be made before pleading if a responsive pleading is allowed."). However, in the Sixth Circuit, a post-answer motion to dismiss for failure to state a claim is treated as a motion for judgment on the pleadings if the defendant asserted the defense of failure to state a claim in his or her answer. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 n.1 (6th Cir. 1988); Harnden v. St. Clair Cty., No. 18-1402, 2018 WL 8018118, at *2 (6th Cir. Oct. 25, 2018). The defendants have done so here. (ECF No. 26.) The same rules apply in such a motion as apply in a pre-answer Rule 12(b)(6) motion. Scheid, 859 F.2d at 436 n.1. For the sake of clarity, the court will refer to

-4-

claims on behalf of an LLC in this suit. (Second Am. Compl., ECF No. 21.). Neither party has raised the issue of whether Harris, as a non-lawyer, may appropriately do so.

Federal Rule of Civil Procedure 17(b)(2) requires federal courts to look to state law to determine a corporate entity's capacity to sue or be sued. Fed. R. Civ. P. 17(b)(2). Under Tennessee law, an LLC, like a corporation, is treated as if it is a separate legal person distinct from its owners and officers. See Tenn. Code Ann. § 48-249-104. This rule applies even if an LLC has only one owner or only one officer. Collier v. Greenbrier Developers, LLC, 358 S.W.3d 195, 200 (Tenn. Ct. App. 2009). The effect of this is that a claim on behalf of an LLC is treated as if it belongs to the LLC, not the LLC's owner. Cf. Keller v. Estate of McRedmond, 495 S.W.3d 852, 866 (Tenn. 2016).

Appearances in federal court are governed by 28 U.S.C. § 1654. The Sixth Circuit has interpreted § 1654 to generally prohibit *pro se* litigants from asserting claims for persons other than themselves in federal court. Olagues v. Timken, 908 F.3d 200, 203 (6th Cir. 2018) ("[W]e have consistently interpreted § 1654 as prohibiting *pro se* litigants from trying to assert the rights of others."). Because a corporation is a separate legal entity from its shareholders, § 1654 prohibits *pro se* litigants from asserting claims on behalf of a corporation in federal court. Id. at 202

---

the present motion as a motion to dismiss.

("[A] *pro se* plaintiff cannot represent the interests of a company. . . ."). Since Tennessee law treats an LLC as being a separate legal person from its owner, the same logic bars the owner of an LLC from asserting claims on its behalf in court *pro se*. The appropriate response for a court presented with claims brought by a *pro se* litigant on behalf of some other person is generally to dismiss the claims without prejudice. Zanecki v. Health All. Plan of Detroit, 576 F. App'x 594, 595 (6th Cir. 2014).

Ordinarily, the court is not required to consider arguments that parties have not raised in their briefs. Dorris v. Absher, 179 F.3d 420, 425 (6th Cir. 1999). There are three reasons the court does so here. First, judges are obliged to prevent the unauthorized practice of law. Zanecki, 576 F. App'x at 595. Non-lawyer representation of others raises unauthorized practice of law concerns. Id. Second, the purpose of the rule prohibiting non-lawyers from bringing claims on behalf of others is to protect the interests of those before the court. Olagues, 908 F.3d at 203. Allowing a *pro se* litigant to bring claims on behalf of an LLC would present fair representation problems. See Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985). An LLC may have multiple owners, each with an interest in the company. See Tenn. Code Ann. § 48-249-303. Representation by one owner may not fairly protect the interests of other owners. Even when an LLC has only one owner, other stakeholders in the LLC, like its

-6-

creditors or employees, may still need fair representation of their interests. Scandia Down, 772 F.2d at 1427. Third, some courts have considered non-lawyer representation of others to present standing concerns. See First Hartford Corp. Pension Plan & Tr. v. United States, 194 F.3d 1279, 1291 (Fed. Cir. 1999) ("[P]ro se actions by non-attorneys on behalf of corporations fail for lack of standing."); Managing Members of Edgewood MHP Partners, LLC. v. Non-Managing Members of Edgewood MHP Partners, LLC., No. 18-2256-TLP-dkv, 2018 WL 3966990, at *2 (W.D. Tenn. June 26, 2018), report and recommendation adopted *sub nom.*, 2018 WL 3966278 (W.D. Tenn. Aug. 17, 2018). Standing is a requirement for subject-matter jurisdiction, and a federal court is required to satisfy itself that subject-matter jurisdiction exists before it considers a claim on the merits. Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir. 1984). Though this court considers this to be a procedural issue rather than a jurisdictional one, the fact that some courts have treated this as a jurisdictional issue weighs in favor of *sua sponte* action.

The prohibition on non-lawyer representation of LLCs clearly applies here. Harris purports to bring claims *pro se* on behalf of Last Minute Cuts, an LLC organized under Tennessee law. As such, it is recommended that those claims brought on behalf of Last Minute Cuts be dismissed without prejudice.

**B.   Standard of Review**

-7-

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court views plaintiffs' allegations in the light most favorable to them and accepts all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). To satisfy this requirement, plaintiffs must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Id. (alteration omitted) (quoting Twombly, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

-8-

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## C. § 1983

Defendants argue this suit should be dismissed because it fails to state a claim under § 1983. (ECF No. 30.) Defendants have two arguments here. First, defendants argue that Harris is

improperly attempting to assert a claim on behalf of other barbershops in the Memphis area. Second, defendants argue Harris has not adequately pled deprivation of a right protected by federal law.

1. Whether Harris is attempting to assert a claim on behalf of other Memphis barbershops

Defendants' first argument is that Harris is attempting to raise a claim on behalf of other barbershops in the Memphis area. (ECF No. 30.) Though defendants acknowledge Harris alleges Biddle has attempted to extort Memphis barbershops, defendants say that "[p]laintiffs fail to allege that Mr. Biddle extorted or attempted to extort anything *from them*." (Id.) (emphasis original). Consequently, defendants argue that Harris is attempting to assert claims on behalf of other parties, which they argue § 1983 does not allow.

To state a viable claim under 42 U.S.C. § 1983, a plaintiff "must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir. 1995)). Section 1983 protects personal rights; a party ordinarily may not assert claims on behalf of other parties through a § 1983 action. Purnell v. City of Akron, 925 F.2d 941, 949 (6th Cir. 1991) ("[S]ection 1983 provides a cause of action which is personal to the injured

-10-

party.").

Though defendants are right on the law, they are mistaken as to the factual allegations. Defendants' argument appears to be based upon a misreading of the complaint. Harris claims that Biddle and McClain's falsified inspection reports were submitted "as a result of [Harris] not providing money or sexual favors" to Biddle. (ECF No. 21.) This is a clear allegation of an injury personal to Harris. It is true that Harris supplements her claim of personal harm by alleging that other barbershops were similarly extorted. (Id.) But these allegations of harm to others serve not as freestanding claims, but to make Harris's claim of personal harm more plausible. It is recommended that defendants' motion to dismiss on this ground be denied.

2. Whether Harris has pled deprivation of a federally protected right

Defendants next contend that Harris has failed to plausibly allege the deprivation of a federally protected right. The court will address each of those claims in turn.

a. Substantive Due Process

Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The due process clause has both substantive and procedural components. EJS Props., LLC v. City of Toledo, 698 F.3d 845, 855 (6th Cir. 2012). The substantive component of the

-11-

Fourteenth Amendment's Due Process Clause establishes that certain state governmental deprivations of "'life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed.'" Range v. Douglas, 763 F.3d 573, 588 (6th Cir. 2014) (quoting Pearson v. City of Grand Blanc, 961 F.2d 1211, 1216 (6th Cir. 1992)).

Substantive due process protects "a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked fundamental, and the interest in freedom from government actions that 'shock the conscience.'" Id. (quoting Bell v. Ohio State Univ., 351 F.3d 240, 249–50 (6th Cir. 2003)). "[T]he list of fundamental interests is short and includes: the right to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, to terminate one's pregnancy, and possibly the right to refuse unwanted lifesaving medical treatment." Langston v. Charter Twp. of Redford, 623 F. App'x 749, 759 (6th Cir. 2015) (citing Washington v. Glucksberg, 521 U.S. 702, 720 (1997)).

The right to bodily integrity includes the right to be free from sexual abuse by government officials. Doe v. Claiborne Cty., Tenn. by & through Claiborne Cty. Bd. of Educ., 103 F.3d 495, 507 (6th Cir. 1996) ("[N]o rational individual could believe that sexual abuse by a state actor is constitutionally permissible under

-12-

the Due Process Clause."). Threatening to use government power against someone unless they submit to sexual acts violates the right to be free from sexual abuse. See, e.g., Williams v. Berney, 519 F.3d 1216, 1223 (10th Cir. 2008); Alexander v. DeAngelo, 329 F.3d 912, 916 (7th Cir. 2003).

Here, Harris has alleged that a public official extorted sexual favors from her by threatening to use his governmental authority against her, and that he followed through with his threats when she did not comply. Because the right to bodily autonomy includes the right not to be threatened by government officials trying to extort sex, Harris has adequately pled the deprivation of a federally protected right.

Even absent the deprivation of a fundamental right, substantive due process is violated by government action that "shocks the conscience." Range, 763 F.3d at 588. This is a demanding standard. "When the conduct in question has been taken by an executive officer, the action violates substantive due process only if it can be characterized as 'arbitrary, or conscience shocking, in a constitutional sense.'" Handy-Clay v. City of Memphis, 695 F.3d 531, 547 (6th Cir. 2012) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998)) (citation and internal quotation marks omitted). "[T]his characterization applies to only the most egregious official conduct, conduct that is so brutal and offensive that it [does] not comport with

-13-

traditional ideas of fair play and decency." Id. at 547-48 (internal citations and quotations omitted).

Whether state action shocks the conscience is context-dependent. Range, 763 F.3d at 590. The Sixth Circuit has explained that courts should apply a sliding-scale approach to such claims based on the *mens rea* of the government officials involved, where merely negligent action by government officials leading to harm will almost never shock the conscience, deliberately harmful action will be the most likely to shock the conscience, and mental states in the middle will depend on circumstances. Id. After determining the appropriate *mens rea*, the Sixth Circuit has instructed courts to look to three factors: (1) the nature of the relationship between the government actor and the plaintiff, (2) the time government officials had to deliberate in making their decision, and (3) the countervailing government interest involved, if any. Id.; Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ., 542 F.3d 529, 536 (6th Cir. 2008). In evaluating the first factor, evidence that the plaintiff did not voluntarily engage with the government actor would weigh in favor of a finding that government action shocks the conscience. Hunt, 542 F.3d at 536-37. In evaluating the second factor, evidence that government officials had a great deal of time to deliberate would weigh in favor of a finding that government action shocks the conscience. Range, 763 F.3d at 590. And in evaluating the third factor, the existence and

-14-

importance of a countervailing government interest always weighs against a finding that government action shocks the conscience. Hunt, 542 F.3d at 540-43; Schroder v. City of Fort Thomas, 412 F.3d 724, 729 (6th Cir. 2005).

The alleged government action here (which defendants deny) meets the shocks-the-conscience standard. Turning to the *mens rea* analysis, Biddle and McClain are alleged to have acted with the purpose of harming Harris. Gumucio's motive for participating in the alleged plot is somewhat opaque from the complaint, but because the *pro se* pleading standard requires liberal construction in favor of the plaintiff, the court infers that plaintiff alleges that Gumucio shared in this goal. All three defendants are thus alleged to have acted with the purpose of harming Harris. Moving to the three-factor test, the court finds that all three factors weigh in Harris's favor. The allegations are that the defendants engaged in a sex extortion scheme against Harris over a several year period, with obviously has no legitimate government interest. Given this, the court finds that the alleged conduct plausibly alleges a violation of the substantive due process right to be free of government action that shocks the conscience. It is recommended that defendants' motion to dismiss for failure to state a substantive due process claim be denied.

    b.    <u>Procedural Due Process</u>

"[T]he Due Process Clause provides that certain substantive

-15-

rights - life, liberty, and property - cannot be deprived except pursuant to constitutionally adequate procedures." Chandler v. Vill. of Chagrin Falls, 296 F. App'x 463, 468 (6th Cir. 2008) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)). To state a procedural due process claim, Harris must plausibly allege that: (1) she has a property interest protected by the Due Process Clause; (2) she was deprived of this property interest; and (3) the state did not afford her adequate pre-deprivation procedural rights. Id. at 469 (citing Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999)).

Here, Harris cannot demonstrate a protected property interest. It is true that a license to operate a business can be a protected property interest. R.S.W.W., Inc. v. City of Keego Harbor, 397 F.3d 427, 435 (6th Cir. 2005). But the allegation is that the state sought to revoke Last Minute Cuts's license, not Harris's. (ECF No. 21, 2;) see also Tenn. Code Ann. § 62-4-118; § 62-4-120 (governing licensure of barbershops and barbershop schools). As discussed above, Harris cannot represent Last Minute Cuts in this matter and cannot assert the company's claims as her own through § 1983. See Purnell 925 F.2d at 949. Accordingly, it is recommended that the motion to dismiss Harris's procedural due process claims be granted.

### III.   RECOMMENDATION

For the reasons above, it is recommended that defendants Jerry

-16-

Biddle, John McClain, and Roxanna Gumucio's motion to dismiss be granted in part and denied in part.

    Respectfully submitted,

                          s/ Tu M. Pham
                          TU M. PHAM
                          United States Magistrate Judge

                          October 18, 2019
                          Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**