```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

_____

| | |
|---|---|
| LAST MINUTE CUTS, LLC )<br>and QUANNAH HARRIS, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JERRY BIDDLE; JOHN McCLAIN; )<br>and ROXANNA GUMUCIO, )<br>)<br>Defendants. )<br>) | No. 18-2631-MSN-tmp |

_____

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL**
_____

Before the court is Quannah Harris's motion to compel. (ECF No. 36.) For the reasons outlined below, the motion is GRANTED in part and DENIED in part.

### I. BACKGROUND

This is a federal civil rights lawsuit. Quannah Harris alleges that Jerry Biddle, an investigator with the Tennessee Department of Commerce and Insurance, attempted to extort money and sexual favors from her and retaliated against her when she did not comply by submitting false unfavorable inspection reports. (ECF No. 21.) Biddle denies these allegations. (ECF No. 26.) Harris further alleges that John McClain, another investigator with the Department of Commerce and Insurance, forged and notarized Harris's signature on these inspection reports, and that Roxanna Gumucio, Executive

Director of the State Board of Cosmetology and Barber Examiners, submitted these false documents to the Board in a disciplinary action despite knowing they were false. (ECF No. 21.) McClain and Gumucio deny these allegations. (ECF No. 26.)

On August 23, 2019, Harris served various requests for production and interrogatories to Biddle, McClain, and Gumucio. (ECF Nos. 36, 39.) The parties dispute whether four interrogatories and two requests for production have been adequately answered.

The discovery requests directed at Biddle under dispute are:

- Interrogatory No. 7: Have you ever had any allegations of domestic violence resulting in the police being called? Please submit the name and contact information of the alleged victim and give a brief description of the incident.

- Document Request No. 3: By way of request for production of documents, please furnish statements referred to in your answer to Interrogatory No. 6 above.

Harris has not disputed Biddle's response to Interrogatory No. 6, which asked Biddle to describe all allegations of sexual harassment made against him during his employment. Biddle denied that any allegations of harassment had been made against him. Biddle responded to Interrogatory No. 7 by objecting on the grounds that the request sought irrelevant information. Biddle responded to Document Request No. 3 by stating that no responsive documents exist because Biddle did not refer to any statements in his

response to Interrogatory No. 6.

The discovery requests directed at McClain under dispute are:

- Interrogatory No. 13: Identify each of the notaries public's acts, attestations, protections, and other instruments of publication whereas an electronic signature was used. For the last five years, submit a copy of your notary record book or books in their entirety. Submit a list of each electronic signature in which you notarized.
- Document Request No. 5: By way of request for production of documents, please furnish a copy of your notary book and a list of all previously notarized electronic signatures requested in Interrogatory No. 13 above.

McClain objected to both of these discovery requests on the grounds that they sought irrelevant information, were overly broad and unduly burdensome, and that producing the requested documents would require disclosing the personal information of third parties.

The discovery requests directed at Gumucio under dispute are:

- Interrogatory No. 6: Identify each individual who submitted a formal complaint or informal complaint, written complaint, or verbal complaint against Jerry Biddle for sexual harassment to you or the State of Tennessee State Board of Cosmetology and Barber Examiners. Please state their name, their contact information, and the nature of the complaint.
- Interrogatory No. 8: State the facts in detail for each formal

complaint, written complaint, or verbal complaint against Jerry Biddle for sexual harassment to you or the State of Tennessee State Board of Cosmetology and Barber Examiners. Gumucio responded to both requests by stating that: "No responsive information exists. No formal, informal, written, or verbal complaint against Mr. Biddle for sexual harassment has been filed with me or with the Tennessee Board of Cosmetology and Barber Examiners."

On October 17, 2019, Harris filed this motion. However, Harris did not file an accompanying brief in support of her motion or explain why she believes the motion should be granted in the body of her motion. On October 31, 2019, Biddle, McClain, and Gumucio filed a response in opposition outlining their arguments as to why the motion should not be granted.

## II. ANALYSIS

### A. Scope of Discovery

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obliged to demonstrate relevance. Beijing Fito Med. Co., Ltd. v. Wright Med. Tech., Inc., No. 2:15-CV-2258-JPM-egb, 2017 WL 5177643, at *2 (W.D. Tenn. Apr. 20, 2017). Upon a showing of relevance, the

burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**B. Requests Directed at Jerry Biddle**

Biddle argues that the motion to compel Interrogatory No. 7 should be denied because it seeks irrelevant information. Domestic violence, Biddle argues, is not similar enough to anything alleged in the complaint to satisfy even the relatively low standard for relevance in discovery. Biddle does not address Document Request No. 3 in his briefing.

Harris has not shown why the information sought by Interrogatory No. 7 is relevant. Though both domestic violence and sexual extortion by a government health inspector are reprehensible acts, the court agrees with Biddle that any evidence of domestic

violence would not be relevant in proving Harris's extortion claims. Harris has not suggested some alternative rationale as to why this discovery is relevant, and has thus not met her burden to show relevance.

It is unclear why Harris believes that Biddle's response to Document Request No. 3 is insufficient. The Request asks Biddle to provide copies of all statements referred to in Interrogatory No. 6. Biddle said there were no such statements. Harris has not challenged Biddle's response to Interrogatory No. 6, which did not refer to any statements. Biddle cannot be compelled to produce statements that do not exist. The portion of the motion to compel regarding the discovery requests directed at Biddle is DENIED.

**C. Requests Directed at John McClain**

McClain argues that the discovery requests directed at him are irrelevant, overly broad and unduly burdensome, and would require the disclosure of the personal information of third parties.

The court does not agree with McClain's argument on relevance. If McClain helped Biddle engage in a pattern of extortion from Memphis barbershops by forging signatures on notarized forms, McClain's notary book would contain the names and contact information of potential witnesses. Documents that have a reasonable potential to lead to the identification of witnesses at trial are relevant. See Act for Health v. United Energy Workers Heathcare Corp., No. 5:15-CV-00195-TBR-llk, 2018 WL 3454902, at *6

(W.D. Ky. Feb. 27, 2018); see also Lewis Envtl., Inc. v. Emergency Response & Training Sols., Inc., No. 1:17-CV-674, 2019 WL 285641, at *2 (S.D. Ohio Jan. 22, 2019) ("Relevance for discovery purposes is extremely broad."). Harris has thus shown the relevance of this discovery request. McClain's argument that this discovery request is overly broad and unduly burdensome because Harris's allegations are not about McClain failing to appropriately maintain his notary book fails for the same reason.

This leaves McClain's argument that this discovery would intrude on the privacy interests of the third parties whose personal information is listed in his notary book. The privacy interests of those third parties are diminished by the fact that much of the information in McClain's notary book is already publicly available. "A notary is a public official of the state of Tennessee[.]" In re Marsh, 12 S.W.3d 449, 453 (Tenn. 2000). "The record kept of a notary public's official acts is therefore a public record" within the meaning of Tennessee's public records statute.[1] Tenn. Op. Att'y Gen. No. 14-89 (Sept. 29, 2014).

---

[1]Since the Tennessee Attorney General's opinion quoted here, the notary statute has been amended. Previously, notaries in Tennessee were required to maintain notary books regardless of whether they charged a fee for their service. 2014 Pub. Acts, c. 805, § 5, eff. Oct. 1, 2014 (repealed April 15, 2015). After the amendment, only notaries who charge a fee are required to maintain notary books. Tenn. Code Ann. § 8-21-1201. In his brief, McClain notes he did not charge a fee and was thus not required to keep a notary book. (ECF No. 39.) This does not appear to change whether his notary book is a public record under Tennessee law, however, because McClain's notary book was still prepared "in connection with the transaction

Tennessee's public records statute requires that "'all state, county and municipal records . . . shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law." T.C.A. § 10-7-503(a)(2)(A). Though state law prohibits the disclosure of "[o]fficial state or government issued driver licenses or identification numbers," it does not appear to limit the public's right of access to appropriately redacted notary books. T.C.A. § 10-7-504(a)(29)(C)(ii). That a notary book is a public record does not in and of itself make it discoverable – this is not a state law public records request – but it does mean that those third parties whose information is contained within McClain's notary book have diminished privacy expectations in what is already a publicly available document.

Given the importance McClain's notary book may have in aiding Harris in identifying potential witnesses, the court grants this portion of the motion to compel in part. McClain shall produce a copy of those portions of his notary book or books created since January 1, 2014 to the date of the filing of the complaint with driver's license numbers or other state identification numbers redacted. This portion of the motion to compel is otherwise DENIED.

**D.    Requests Directed at Roxanna Gumucio**

---

of official business by [a] governmental entity[.]" T.C.A. § 10-7-

The dispute about Gumucio's answers to Interrogatories Nos. 6 and 8 appears to be based on whether the word "filed" in Gumucio's response means the same thing as "submitted." In briefing, Gumucio represents that she intended the use of the word "filed" to mean the same thing as "submitted." Given her clarification, the court sees no harm in ordering Gumucio to supplement her discovery response to clarify that "filed" means "submitted." The motion to compel with regard to Gumucio's responses is GRANTED.

### III. CONCLUSION

For the reasons above, the motion to compel is GRANTED in part and DENIED in part. To the extent the motion is granted, McClain and Gumucio shall respond within fourteen days of the entry of this order.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

November 15, 2019
Date

---

503(a)(1)(A)(i).