IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| QUANNAH HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-2631-MSN-tmp |
| ) | |
| JERRY BIDDLE; JOHN McCLAIN; ) | |
| and ROXANNA GUMUCIO, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL**

Before the court is Quannah Harris's second motion to compel documents from John McClain.[1] (ECF No. 44.) Previously, the court granted in part Harris's first motion to compel. (ECF No. 40.) The court ordered that McClain was to produce "a copy of those portions of his notary book or books created since January 1, 2014 to the date of the filing of the complaint." (ECF No. 40.) In response, McClain submitted his notary book from those dates. (ECF No. 45, McClain Aff. at 1.) The first entry in the notary book McClain submitted was made in October 2014. (ECF No. 44, Exhibit 2.) McClain explains that this is because there are no entries in McClain's notary book from January 2014 until October 2014. (ECF

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

-1-

No. 45, McClain Aff. at 1.)

It is not at all clear to the court what relief Harris seeks in her second motion to compel. Most of the motion is devoted to a discussion of 21 C.F.R. §§ 111-111.300, a set of regulations governing electronic signatures submitted to the federal Food and Drug Administration. To the extent Harris is seeking some form of relief based under those regulations, those regulations do not apply to the documents at issue in this case. However, the court's best guess as to Harris's intention in this second motion to compel is that Harris is arguing that McClain's notary book is incomplete because it does not contain entries from January 2014 to October 2014. McClain has explained under oath that this is because there are no entries from those dates. (ECF No. 45, McClain Aff. at 1.) Harris has not submitted evidence that suggests there are entries from those dates. As such, the motion to compel is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 25, 2020
Date