# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

QUANNAH HARRIS,

    Plaintiff,

v.

No. 2:18-cv-02631-MSN-tmp

JERRY BIDDLE, JOHN McCLAIN,
and ROXANNA GUMUCIO,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 57)

Before the Court is the Magistrate Judge's Report and Recommendation dated February 26, 2020 ("Report"). (ECF No. 57.) The Report recommends that this Court grant Defendants' Motion for Summary Judgment (ECF No. 43). (*Id.* at PageID 1333.) For the reasons set forth below, the Court **ADOPTS** the Report and **GRANTS** Defendants' Motion for Summary Judgment.

## LEGAL STANDARD

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or

recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION**

On March 11, 2020, the Court granted Plaintiff's (ECF No. 58) motion for a fourteen-day extension to file objections to the Report. (ECF No. 59.) On March 26, 2020, one day *after* Plaintiff's objections were due, Plaintiff filed a motion seeking an extension of time up to March 26, 2020, to file objections along with an exhibit titled "proposed objection to R&R." (ECF Nos.

60, 60-1.) In light of ongoing complications caused by the COVID-19 pandemic, the Court granted Plaintiff's March 26, 2020 motion. (ECF No. 61.) Although Plaintiff never filed her objections as a separate docket entry with the Clerk's Office, the Court nevertheless elects to consider Plaintiff's proposed objections to the Report.

Overall, Plaintiff's objection document makes no specific objections to the Magistrate Judge's findings of fact and law and thus must be construed as a general objection to the Report. As stated above, general objections are not sufficient and result in waiver of further review. Plaintiff's objection document does not explain how the Report's analysis is wrong, why it was wrong, or how *de novo* review would result in a different conclusion. Instead, Plaintiff reiterates the same arguments made in her response to Defendants' Motion for Summary Judgment, (*Compare* ECF No. 60-1, *with* ECF No. 49), and makes an unsupported allegation that the Magistrate Judge failed to consider the evidentiary basis to support her substantive due process claim, (ECF No. 60-1 at PageID 1363). Plaintiff's objection thus is not sufficiently specific to require *de novo* review.

In the objection document, Plaintiff also moves for leave to amend her complaint to allege new claims of "racial discrimination under the 14th amendment right to equal protection of the law." (ECF No. 60-1 at PageID 1364.) Plaintiff argues the Court should grant her leeway to expand her complaint because of her *pro se* status. (*Id.*) Federal Rule of Civil Procedure 15(a)(2) instructs the Court to "freely give" leave to amend "when justice so requires." The determination of whether the circumstances of a case are such that justice would require the allowance of an amendment is left to the sound discretion of the court. *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974). Here, the Court finds Plaintiff's motion to amend is not well-taken because Plaintiff's deadline to amend as a matter of course has expired, Fed. R. Civ. P. 15(a)(1), and the

proposed amendment would unduly prejudice Defendants, Fed. R. Civ. P. 15(a)(2). Additionally, the lenient treatment generally accorded to *pro se* litigants has limits, and Plaintiff's *pro se* status does not exempt her from complying with the same rules of civil procedure that govern other litigants. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *August v. Caruso*, No. 12-13775, 2015 U.S. Dist. LEXIS 35620, at *6 (E.D. Mich. Mar. 23, 2015). Plaintiff's motion to amend must therefore be **DENIED**.

Because Plaintiff has no discernable, substantive objection to the Report, the Court finds the Magistrate Judge's recommendations should be accepted. In addition, the Court has reviewed the Report for clear error and finds none.

For the foregoing reasons, the Court **ADOPTS** the Report and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 43).

## APPEAL ISSUES

Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that an appeal would not be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* The same considerations that lead this Court to grant summary judgment in favor of Defendants also compel this Court to conclude that an appeal by Plaintiff would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal by Plaintiff in this matter would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 1st day of April, 2020.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE