# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

QUANNAH HARRIS,

    Plaintiff,

v.                                                                              No. 2:18-cv-02631-MSN-tmp

JERRY BIDDLE, JOHN MCCLAIN,
and ROXANNA GUMUCIO,

    Defendants.

_____

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN OUT OF TIME APPEAL
_____

       This cause comes before the Court on Plaintiff's second Motion for an Out of Time Appeal, (ECF No. 71), filed on May 28, 2021. Defendants have failed to submit a response, and the time to do so has passed. On April 23, 2021, the Court entered an Order denying Plaintiff's first motion for an out of time appeal. (*See* ECF No. 69.) Accordingly, to the extent Plaintiff seeks the same relief as her prior request, (ECF No. 67), that request is hereby **DENIED** for the reasons articulated in the Court's prior Order. The Court, however, **GRANTS** Plaintiff's motion to the extent she seeks to file an out of time appeal regarding the Court's April 23, 2021 Order.

       On April 23, 2021, the Court entered an Order denying Plaintiff leave to file an appeal out of time. (ECF No. 69.) Plaintiff filed this current motion again seeking leave to file an out of time appeal on May 28, 2021. (ECF No. 71.) Plaintiff again claims that she did not receive a copy of the Court's Order. (ECF No. 71 at PageID 1471; *see also* ECF No. 67 at PageID 1410.) As a result, Plaintiff did not learn of the Court's April 23, 2021 Order until she received an email from

a third party on May 27, 2021. (*Id.* at PageID 1471–72.) She filed a notice of appeal and the present motion the next day. (*See* ECF Nos. 70 and 71.)

The Court initially notes that Plaintiff filed her motion in conjunction with filing her notice of appeal. (ECF Nos. 70 and 71.) "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) (citing *Cochran v. Birkel*, 651 F.3d 1219, 1221 (6th Cir. 1981)). This general rule contains several notable exceptions; specifically, the district court will retain jurisdiction if the notice of appeal is untimely. *See Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 692 (6th Cir. 2018); *see also Hobbs v. Cty. of Summit*, 552 F. App'x 517, 519 (6th Cir. 2014) (reversing the district court on the grounds that it still retained jurisdiction when notice of appeal was untimely). Plaintiff, by requesting an extension of time, concedes that her notice of appeal is untimely. Therefore, the Court still retains jurisdiction despite the already filed notice of appeal.

Federal of Appellate Procedure 4(a)(1)(A) provides that "[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Plaintiff did not file her notice of appeal until thirty-five (35) days after the Court entered its April 23, 2021 Order. (ECF No. 70.) A party who has failed to timely file a notice of appeal can seek an extension of time under either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). Rule 4(a)(5)(A) states that:

> The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

2

*see also May v. Apricus Biosciences, Inc.*, 650 F. App'x 893, 894 (6th Cir. 2016) (explaining that Rule 4(a)(5)(A)'s 30-day filing requirement is "mandatory and jurisdictional").

Excusable neglect arises "in situations in which there is fault;" meaning, "the need for an extension is usually occasioned by something within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii), 2002 advisory committee note. This is a "strict standard." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). Good cause, on the other hand, exists when "forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Id.*

The Court finds that Plaintiff has shown both good cause and excusable neglect. Concerning good cause, Plaintiff asserts in her motion that she was bedridden due to an undisclosed illness and that she did not receive a copy of the Court's April 23, 2021 Order. (ECF No. 71 at PageID 1471.) Taking Plaintiff at her word, the Court finds that this is sufficient to establish good cause since both suffering from an illness and not receiving the Court's Order are "forces beyond the control of the appellant [that] prevented her from filing a timely notice of appeal." *Nicholson*, 467 F.3d at 526.

Alternatively, the Court finds that Plaintiff has shown excusable neglect. The Court applies several factors in determining whether Rule 4(a)(5)(A)(ii)'s "excusable neglect" requirement is satisfied. *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The relevant factors are "danger of prejudice to the other party, the length and reason for the delay—including whether it was within the party's control—and whether the party acted in good faith." *Id.* While all factors are relevant to the Court's analysis, "the excuse given for the late filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010).

Here, the factors weigh in favor of allowing Plaintiff a brief extension of time. First, the length of the delay here is short: Plaintiff missed timely filing her notice of appeal by only five (5) days. Further, Plaintiff acted in good faith. Upon learning of the Court's April 23, 2021 Order, Plaintiff filed her notice of appeal and the current motion the very next day. (ECF No. 71 at PageID 1472; *see also* ECF No. 70.) The Court also does not identify any potential prejudice opposing party might suffer. Indeed, Defendants have pointed to none because they have failed to respond to Plaintiff's motion. Finally, Plaintiff cites her illness and not receiving the Court's Order as the reason for the delay. As explained above, the Court finds that this is a sufficient reason to justify a brief extension.

Accordingly, the Court **GRANTS** Plaintiff's motion to file an out of time appeal only to the Court's April 23, 2021 Order. For the reasons stated in its prior Order, the Court **DENIES** Plaintiff's request to the extent it seeks the same relief as her prior motion. The Court will deem Plaintiff's already-filed notice of appeal as timely filed on the date this Order is entered.

**IT IS SO ORDERED**, this the 15th day of July, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE